# ANTHONY POPE LAW, P.C.

ATTORNEYS AT LAW

| | |
|---|---|
| NEW JERSEY OFFICE<br>60 PARK PLACE<br>SUITE 1101<br>NEWARK, NJ 07102 | NEW YORK OFFICE<br>275 MADISON AVE.<br>35TH FLOOR<br>NEW YORK, NY 10016 |
| TEL: (973) 344-4406<br>FAX: (973) 344-3201<br>www.anthonypopelawfirm.com | TEL: (212) 905-4900<br>FAX: (973) 344-3201 |

**ANTHONY POPE, ESQ.***
apope@apopefirm.com

*Certified by the Supreme Court of*
*New Jersey as a Civil & Criminal Trial Attorney*

**PLEASE REPLY TO:**
**New Jersey Office**

January 21, 2025

**VIA ECF**
The Honorable Michael A. Hammer
United States Magistrate Judge
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, NJ 07101

      **RE:**      **United States v. Daniel Dadoun**
                     **Docket No. 23-8137**

Dear Judge Hammer,

      This office represents the interests of Defendant, Daniel Dadoun (hereinafter, "Mr. Dadoun" or "Dadoun"), relative to the above-captioned matter. On September 19, 2024, Your Honor entered an Order releasing Mr. Dadoun from custody on home incarceration, secured by Dadoun's residential properties and an appearance bond with a co-signor (ECF 20). Please accept this correspondence *in lieu* of a more formal submission in support of Dadoun's request for modification of his release conditions to allow him to attend synagogue for daily religious services and to attend in-person visits with his civil attorneys twice per week.

      Since his release from custody in September 2024, Dadoun has remained compliant with all conditions of his release. Because he was released on home incarceration, he is restricted to his residence under a 24-hour lockdown (ECF 20). As a result, he is unable to attend religious services or meet with his civil attorneys on a regular basis in order to to discuss the many civil cases his company is actively litigating. For these reasons, he makes the within application for modification of his release conditions to allow him to attend religious services or meaningfully participate in the many of civil cases in litigation.

Dadoun is a devout member of the Orthodox Jewish faith. Those who follow Orthodox Judaism customarily attend synagogue for prayer services three times per day in the morning, afternoon, and at sundown[1]. Orthodox Jewish individuals also attend prayer services on the Sabbath (on Friday evenings and Saturday mornings), in addition to attending synagogue on Jewish holidays such as Rosh Hashanah, Yom Kippur, and Passover. Dadoun's religion is of utmost importance to him. To illustrate, while incarcerated for over 10 months at the Essex County Correctional Facility, Dadoun refused to take off his yarmulke, despite daily antisemitic threats, harassment and assaults from his fellow inmates.

Because of his current release conditions, Dadoun was not permitted to attend religious services on the Jewish holidays of Rosh Hashanah, Yom Kippur, or Succot, and cannot attend for daily or Shabbat prayer services. This has been especially hard for Dadoun, whose faith has only strengthened since his arrest and incarceration, and who wishes to pray not only for himself, but also for his wife and children, all of whom remain in Israel. He respectfully requests the opportunity to attend religious services at his local synagogue, "Yeshiva Ateret Torah," located at 901 Quentin Road in Brooklyn, NY, 11223. If permitted, he would attend for morning, afternoon, and night prayer on weekdays, as well as Sabbath Prayers on Friday nights and Saturday mornings.

Additionally, Dadoun requests the opportunity to visit his civil attorney's office, located in Hackensack, New Jersey, twice per week on Tuesdays and Thursdays. The state of affairs of Dadoun's businesses has resulted in many lawsuits filed against them. Dadoun hired Richard D. Wolloch, Esq., of the law firm of Winnie Banta Basralian & Kahn, to represent him in these lawsuits. Mr. Wolloch provided a letter in support of this request, in which he included the names of the cases in suit and their corresponding docket numbers (see attached "Exhibit A" for a copy of Mr. Wolloch's letter). Due to the amount of cases and the extent to which the firm requires Dadoun's assistance, his attorneys would be better served by having increased face-to-face interaction with Dadoun, as opposed to phone calls and sending documents back and forth.

The Government has communicated its position that it cannot provide consent for any of the within requests for modification of Dadoun's release. However, Dadoun has not engaged in any conduct during the pendency of his release that would lead the Court to believe that if granted, Dadoun would not be similarly compliant with the modifications. Further, the instant case represents Dadoun's only interaction with law enforcement, as he has no prior criminal history. Dadoun has surrendered his passport, and his release was secured by a custodian, a co-signor, and his property. Therefore, there are appropriate safeguards to prevent Dadoun from fleeing the Country, despite there being no desire for him to do so.

For the foregoing reasons, Mr. Dadoun respectfully requests that the Court modify his current release conditions to allow him to attend religious services at his synagogue and for weekly visits to his civil attorneys' office.

Respectfully submitted,

---

[1] Dadoun's synagogue holds morning prayers at 7 AM; afternoon prayers at 12:30 PM, and night prayers at sundown.

ANTHONY POPE LAW, P.C.

ANTHONY POPE, ESQ.

cc: AUSA Katherine Romano