2018R00986/KMR

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. Robert Kirsch |
| | : | |
| v. | : | Crim. No. 25-CR-215 |
| | : | |
| DANIEL DADOUN | : | 18 U.S.C. § 1344 |
| | : | 18 U.S.C. § 1957 |

**RECEIVED**
APR 08 2025
ROBERT KIRSCH
U.S. DISTRICT JUDGE

## I N F O R M A T I O N

The defendant having waived in open court prosecution by Indictment, the United States Attorney for the District of New Jersey charges:

### COUNT ONE
### (Bank Fraud)

1. At all times relevant to this Information:

   a. Defendant DANIEL DADOUN ("defendant DADOUN") resided in Israel and elsewhere.

   b. Defendant DADOUN owned and controlled several businesses located in New Jersey, including:

      i. DG Distiservices, LLC ("DG Distiservices"), a business with operations in Perth Amboy, New Jersey and elsewhere that provided staffing services;

      ii. Seldat Distribution, Inc. ("Seldat Distribution"), a business located in South Plainfield, New Jersey and elsewhere that provided warehousing and third-party logistics services;

      iii. Seldat Staffing, LLC ("Seldat Staffing"), a business purportedly located in South Plainfield, New Jersey; and

    iv. Seldat Fashion LLC ("Seldat Fashion"), a business purportedly located in South Plainfield, New Jersey.

   c. Victim-Lender 1, Victim-Lender 2, and Victim-Lender 3 (together, the "Victim Lenders") were each federally insured financial institutions as defined in Title 18, United States Code, Section 20, that served as third-party participating lenders in the Paycheck Protection Program described below.

   d. Victim-Lender 1 was headquartered in New Jersey, and defendant DADOUN controlled several bank accounts at Victim-Lender 1, including a checking account associated with Seldat Distribution (the "Seldat Distribution Bank Account"), and a checking account associated with Seldat Fashion (the "Seldat Fashion Bank Account").

### The Paycheck Protection Program

   e. The Paycheck Protection Program ("PPP") was a COVID-19 pandemic relief program administered by the Small Business Administration ("SBA") that provided forgivable loans to small businesses for job retention and certain other expenses. The PPP permitted participating third-party lenders to approve and disburse SBA-backed PPP loans to cover payroll, fixed debts, utilities, rent/mortgage, accounts payable, and other bills incurred by qualifying businesses during, and resulting from, the COVID-19 pandemic. PPP loans were fully guaranteed by the SBA.

   f. To obtain a PPP loan, a qualifying business had to submit a PPP loan application, which was signed by an authorized representative of the business. The PPP loan application required the business (through its authorized

representative) to acknowledge the program rules and make certain affirmative certifications to be eligible to obtain the PPP loan, including that the business was in operation and either had employees for whom it paid salaries and payroll taxes or paid independent contractors. A business applying for a PPP loan was required to provide documentation showing its payroll expenses, such as filed federal income tax documents.

        g.    PPP loan applications were electronically submitted or caused to be submitted by the borrower and received through SBA servers. Once approved, the business received the PPP loan proceeds via an electronic funds transfer from the third-party lender to a financial account under the control of the business.

        h.    The proceeds of a PPP loan could be used for certain specified items, such as payroll costs, costs related to the continuation of group health care benefits, or mortgage interest payments. The proceeds of a PPP loan were not permitted to be used by the borrowers to purchase consumer goods, automobiles, personal residences, clothing, jewelry, to pay the borrower's personal federal income taxes, or to fund the borrower's ordinary day-to-day living expenses unrelated to the specified authorized expenses.

## The Scheme to Defraud

2.    From in or around April 2020 through in or around August 2022, in the District of New Jersey, and elsewhere, the defendant,

**DANIEL DADOUN,**

knowingly and intentionally participated in a scheme and artifice to defraud a financial institution, namely Victim-Lender 1, and to obtain money, funds, credits,

3

assets, securities, and other property owned by, and under the control of, Victim-Lender 1, by means of materially false and fraudulent pretenses, representations, and promises, as set forth below.

### Goal of the Scheme to Defraud

3.  The goal of the scheme to defraud was for defendant DADOUN to enrich himself by fraudulently obtaining federal COVID-19 emergency relief funds from the Victim Lenders that were meant for distressed small businesses by submitting or causing the submission of fraudulent PPP loan and loan forgiveness applications to the Victim Lenders.

### Manner and Means of the Scheme to Defraud

4.  It was part of the scheme to defraud that:

    a.  On or about April 13, 2020, defendant DADOUN submitted and caused to be submitted a loan application to Victim-Lender 1 seeking a PPP loan of approximately $2,125,000 on behalf of Seldat Distribution (the "Seldat Distribution PPP Loan").

    b.  The loan application, which defendant DADOUN signed, falsely represented Seldat Distribution's number of employees and average monthly payroll at the time of the application.

    c.  As part of the loan application, defendant DADOUN also submitted a fraudulent IRS Form 941 Employer's Quarterly Federal Tax Return document to Victim-Lender 1, which was never in fact filed with the IRS.

    d.  In reliance on the representations made in the loan application, Victim-Lender 1 disbursed approximately $2,125,000—the full amount defendant

4

DADOUN applied for—to the Seldat Distribution Bank Account. The following day, defendant DADOUN transferred approximately $2,125,000 to the Seldat Fashion Bank Account.

  e. On or about September 1, 2021, defendant DADOUN submitted to Victim-Lender 1 an application for forgiveness of the Seldat Distribution PPP Loan. The application falsely represented Seldat Distribution's number of employees as of the time of the forgiveness application.

  f. In support of the forgiveness application, defendant DADOUN submitted a doctored bank statement which falsely reflected several transactions related to Seldat Distribution. For example, the PPP permitted loan recipients to use loan proceeds for rent payments. Defendant DADOUN altered the bank statement so that it appeared as though Seldat Distribution had made certain rent payments when, in fact, it had not.

  g. As a result of these misrepresentations, the loan was partially forgiven. Defendant DADOUN never repaid the remainder of the loan.

  h. Defendant DADOUN also submitted false and fraudulent loan applications for other businesses he controlled, including DG Distiservices and Seldat Staffing. As a result of the misrepresentations made in these loan applications, the Victim Lenders funded additional PPP loans for his businesses.

  i. Thereafter, defendant DADOUN made misrepresentations and submitted false documents in support of loan forgiveness applications for those loans, which fraudulently caused the Victim Lenders to forgive the loans.

  j. As a result of the fraudulent scheme, defendant DADOUN

obtained a total of approximately $3,239,774.43 in PPP loan proceeds from the Victim Lenders.

5.  From in or around April 2020 through in or around September 2021, in the District of New Jersey and elsewhere, the defendant,

**DANIEL DADOUN,**

knowingly and intentionally executed and attempted to execute a scheme and artifice to defraud one or more financial institutions, namely, Victim-Lender 1, the deposits of which were insured by the Federal Deposit Insurance Corporation, and to obtain money, funds, credits, assets, securities, and other property owned by, and under the control of, Victim-Lender 1 by means of false and fraudulent pretenses, representations, and promises, that is $2,125,000 in PPP loan proceeds.

In violation of Title 18, United States Code, Section 1344.

## COUNT TWO
## (Money Laundering)

6. The allegations set forth in Paragraphs 1, 3, and 4 of Count One of this Information are realleged here.

7. On or about April 23, 2020, in the District of New Jersey and elsewhere, the defendant,

**DANIEL DADOUN,**

knowingly engaged in the following monetary transaction by, through, and to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, that is, the transfer of approximately $2,125,000 from the Seldat Distribution Bank Account to the Seldat Fashion Bank Account, such property having been derived from a specified unlawful activity, that is, bank fraud.

In violation of Title 18, United States Code, Section 1957.

## FORFEITURE ALLEGATION AS TO COUNT ONE

As a result of committing the offense in violation of Title 18, United States Code, Section 1344 charged in Count One of this Information, defendant DADOUN shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property, real or personal, constituting, or derived from, proceeds obtained directly or indirectly as a result of such offense.

## FORFEITURE ALLEGATION AS TO COUNT TWO

As a result of committing the money laundering offense charged in Count Two of this Information, defendant DADOUN shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real or personal, involved in such offense, and all property traceable to such property.

## SUBSTITUTE ASSET PROVISION
**(Applicable to All Forfeiture Allegations)**

If any of the property described above, as a result of any act or omission of the defendant:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b), to seek forfeiture of any other property of the defendant up to the value of the forfeitable property described above.

*Alina Habba*
ALINA HABBA
United States Attorney

CASE NUMBER: 25-CR-215

# United States District Court
# District of New Jersey

UNITED STATES OF AMERICA

v.

DANIEL DADOUN

## INFORMATION FOR

18 U.S.C. § 1344
18 U.S.C. § 1957

ALINA HABBA
UNITED STATES ATTORNEY
FOR THE DISTRICT OF NEW JERSEY

KATHERINE M. ROMANO
ASSISTANT U.S. ATTORNEY
NEWARK, NEW JERSEY
973-353-6095